## No. 876.

### LASTIE DUPRÉ VS. RICHARD H. LUMPKIN ET AL.

In support of his plea of prescription defendant alleges that the payments shown to have been made were in Confederate money, and therefore no payments. But any payment, no matter in what currency, is an acknowledgment of the debt, and therefore interrupts prescription.

APPEAL from the Eighth Judicial District Court, parish of St. Landry. *Morgan*, J. *Lewis & Brother*, for plaintiff and appellee. *Martel & Hudspeth* and *Bailey*, for defendants and appellants.

MORGAN, J. Defendants are sued for a balance due on a promissory note, as follows:

"OPELOUSAS, March 26, 1860.

"On demand I promise to pay to Mr. Lastie Dupré, or order, the sum of one thousand dollars, with eight per cent annual interest thereon until paid, for value received.

"Signed Richard H. Lumpkin, Alb. Desseau, Elbert Gantt."

There was judgment against Lumpkin and Gantt. Desseau, or his estate (he being dead), was not condemned. Gantt alone has appealed.

It is admitted that Gantt signed the note *as surety*.

He pleads that time was given to his principal, without his assent, and that this releases him from his obligation.

Dupre vs. Lumpkin.

We find no extension of time in this case. Plaintiff simply received payments at various times from his principal obligor. The note was payable on demand, and these payments were made, *pro tanto*, to discharge the obligation.

He also pleads prescription. The payments were made in time to take the case out of prescription. He says, however, that the payments were made in Confederate money, and therefore are no payments. Any payment, no matter in what currency, is an acknowledgment of the debt, and therefore interrupts prescription.

Judgment affirmed.